UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,
    Plaintiff,

No. 1:09-cv-225

-v-

HONORABLE PAUL L. MALONEY

RICHARD JOHNSON, ET AL.,
    Defendants.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Toran Peterson, a prisoner under the control of the Michigan Department of Corrections, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 arising out of events that occurred in 2006 at the Ionia Maximum Correctional Facility. Defendants Richard Johnson and Larry Lindy (collectively "Defendants"), Resident Unit Officers, separately filed motions for summary judgment. (ECF Nos. 56 and 59.) Plaintiff filed a response. (ECF No. 68.) The magistrate judge reviewed the record and issued a report (ECF No. 75) recommending Defendants' motions be granted and also recommending this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff filed objections. (ECF No. 76.)

### STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

    A. Objection 1

Plaintiff argues local governing bodies may be sued for monetary relief. Although not entirely clear, the Court assumes Plaintiff is objecting to the magistrate judge's recommendation that Plaintiff's claims against Defendants in their official capacity should be dismissed.

Plaintiff's objection is OVERRULED. Plaintiff sued, in their official capacities, employees of the Michigan Department of Corrections. Plaintiff has not sued a local governing body. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 54 (1978), States are protected by Eleventh Amendment sovereign immunity, while municipalities are not so protected. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The Michigan Department of Corrections is an arm of the State of Michigan, which is entitled to sovereign immunity. *Turnboe v. Stegal*, 234 F.3d 1270, 2000 WL 1679478, at *2 (6th Cir. 2000) (unpublished table order). In the event that this Court's assumption is incorrect, Plaintiff's objection fails to specifically pinpoint that portion of the

magistrate judge's report to which he objects.

B.  Objection 2

The magistrate judge concludes Plaintiff cannot establish either the objective or the subjective prong of his Eighth Amendment claim. Plaintiff objects. Plaintiff argues the magistrate judge did not assume the truth of allegations in his complaint, which would establish both prongs.

Plaintiff's objection is OVERRULED. The evidence in the record does not create a genuine issue of material fact on Plaintiff's Eighth Amendment claim. Plaintiff's version of events, as recounted in his complaint, is contradicted in the record. Plaintiff was issued a major misconduct for assault and battery for the incident from which this claim arises. At his hearing, the presiding officer concluded Plaintiff grabbed Defendant Johnson's arm and pulled Johnson's hand into the cell as the cell door was closing. In order to accept as true Plaintiff's version of events, this Court would have to discount or ignore the factual findings made at Plaintiff's major misconduct hearing, a position not supported by law. *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985); *see also Shelly v. Johnson*, 684 F.Supp. 941, 945 (W.D. Mich. 1987) ("Section 1983 does not extend to plaintiff a right to relitigate in federal court evidentiary questions arising in administrative disciplinary proceedings.") (citing *Wood v. Strickland*, 420 U.S. 308, 326 (1975)). Accordingly, Plaintiff cannot establish the subjective prong of his Eighth Amendment claim. In light of Plaintiff's conduct, the force applied by Defendants was a good faith effort to maintain or restore discipline and was not an unnecessary or wanton infliction of pain. It is not necessary to determine whether the evidence in the record establishes a genuine issue of fact on the objective prong.

C.  Objection 3

Plaintiff generally complains that the magistrate judge has held him to an improper standard. Plaintiff complains about the rejection of his discovery requests and his motion to stay the summary judgment motions.

Plaintiff's objection is OVERRULED. This objection generally fails to pinpoint with specificity any error in the Report and Recommendation. To the extent Plaintiff finds error in previous orders issued by the magistrate judge, Plaintiff has other avenues for appealing those decisions.

D. Objection 4

Plaintiff complains the magistrate judge has treated Plaintiff and Defendants differently.

Plaintiff's objection is OVERRULED. The objection generally fails to pinpoint with specificity any error in the Report and Recommendation. To the extent Plaintiff finds error in the previous orders issued by the magistrate judge, Plaintiff has other avenues for appealing those decisions.

E. Objection 5

The magistrate judge recommends dismissing Plaintiff's retaliation claim. Plaintiff objects. Plaintiff argues he is not complaining that he was deprived of a meal, a towel, his affidavit, or access to the typing room. Plaintiff argues the deprivations were motivated by retaliation.

Plaintiff's objection is OVERRULED. As explained in the report and recommendation, a defendant may avoid liability for a retaliation claim if the defendant can show that the same action would have occurred even in the absence of Plaintiff's engagement in protected activity. In each instance of alleged retaliation, the record supports Defendants' claim that the same action would have occurred even if Plaintiff had not filed the grievances. *Thomas v. Eby*, 481 F.3d 434, 441-42

4

(6th Cir. 2007) does not require a different conclusion. The issue in *Eby* was whether Plaintiff could survive a motion to dismiss in light of the major misconduct ticket, not a motion for summary judgment.

F.  Objection 6

Plaintiff objects to the recommendation that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's objection is OVERRULED. The report and recommendation correctly states the law and the recommendation is well-reasoned.

G.  Objection 7

Plaintiff complains the undersigned failed to order service, failed to address his race discrimination claim, his ethnic intimidation claim, and his First Amendment retaliation claim in Count 5.

Plaintiff's objection is OVERRULED.  The objection generally fails to pinpoint with specificity any error in the Report and Recommendation.  To the extent Plaintiff finds error in the previous orders issued by this judge, Plaintiff has other avenues for appealing those decisions.

**CONCLUSION**

For the reasons provided above, Plaintiff's objections are OVERRULED.  The court finds the report and recommendation accurately states law and facts and the conclusions and recommendations are well-reasoned and well-supported.  Accordingly, the report and recommendation is ADOPTED as the opinion of this Court.

GOOD FAITH CERTIFICATION

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). Having reviewed the record for the purpose of a good faith certification, on the claims against these two Defendants, the Court finds an appeal of Plaintiff's Eighth Amendment claim would be taken in good faith.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation (ECF No. 75) is **ADOPTED**, over objections, as the opinion of this Court.

2. Defendant Johnson's motion for summary judgment (ECF No. 56) is **GRANTED**. The claims against Defendant Johnson in his official capacity are DISMISSED WITH PREJUDICE as barred by the Eleventh Amendment. The federal claims against Defendant Johnson in his individual capacity are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Johnson and those state law claims are DISMISSED WITHOUT PREJUDICE.

3. Defendant Lindy's motion for summary judgment (ECF No. 59) is **GRANTED.** The claims against Defendant Lindy in his official capacity are DISMISSED WITH PREJUDICE as barred by the Eleventh Amendment. The federal claims against Defendant Lindy in his individual capacity are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Lindy and those state law claims are DISMISSED WITHOUT PREJUDICE.

4. A good faith certificate shall issue for Plaintiff's Eighth Amendment claim.

Date:   April 28, 2011             /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge